Desmond, J.
(dissenting). In my opinion, plaintiffs were entitled to this summary judgment which, in strict accordance with the terms of the sale contract, gives them back their earnest money because they were unable to arrange a mortgage to finance the purchase. Defendant, an escrowee, tried to avoid repayment by alleging that plaintiffs willfully so conducted themselves as to prevent the acceptance of any of their several applications to lending institutions for the mortgage money. It is undisputed that plaintiffs did make the applications and *92 did furnish the information required by the banks but all the applications were denied. Thereupon, plaintiffs vendees, as was their right under the land contract, demanded their deposit back from defendant escrowee. The escrowee refused to give it back, asserting that plaintiffs, while ostensibly applying for mortgage loans, made any grant of any of the applications impossible by undprstating their own income and financial resources. This remarkable allegation, however, has no support in the papers which defendant filed in opposition to plaintiffs’ summary judgment motion, and so the motion was properly granted.
As evidentiary basis for his alleged defense that plaintiffs willfully understated their assets and income so as to forestall the making of the loans they themselves had applied for, defendant points to one alleged conversation between the vendor and plaintiffs during the negotiations preceding the signing of the contract for the sale of the house. According to the affidavit opposing the summary judgment motion, plaintiff husband, when told that to get the necessary mortgage loan plaintiffs would have to show at least $200 per week income, replied that he could easily show that he earned “more than that”. The detailed information later supplied by plaintiffs to the lenders they approached showed weekly income of a little more than $100 per week, plus sizable bank accounts, plus moneys owed to plaintiffs, plus ownership by them of a corporation which operated a retail shop. The alleged pre-contract remark as to plaintiff’s earnings is the sole support for the allegation that to assure the denial of their mortgage application plaintiffs made willfully fraudulently false statements as to their earnings and resources. Proof at the- trial that such a remark was made during the purchase-sale negotiations certainly would not make out a jury issue as to the deliberate falsity and fraudulent intent of the later-made mortgage applications. It is still the rule that, to defeat summary judgment, a pleader must show evidentiary facts, not suspicions or wild surmise (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56).
I agree that there is no issue here as to any fraud in the making of the contract.
The judgment should be affirmed, with costs.
*93 Chief Judge Conway and Judges Fuld, Froessel, Van Voorhis and Burke concur with Judge Dye ; Judge Desmond dissents in a separate opinion.
Judgment reversed, with costs in all courts, and case remitted to Special Term for further proceedings in accordance with the opinion herein.